UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KEITH R. KENNEDY**<br>    **LA. DOC # 489062**<br>**VS.** | **CIVIL ACTION NO. 09-1664**<br><br>**SECTION P**<br><br>**CHIEF JUDGE JAMES** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Keith R. Kennedy, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on September 15, 2009. Petitioner attacks his 2004 conviction for forcible rape in the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On March 2, 2004, petitioner was charged via Bill of Information with forcible rape; thereafter, on March 18, 2004, the Ouachita Parish Grand Jury returned a true bill indicting him for the offense of aggravated rape. [Doc. 1, pp. 50-51]

On November 8, 2004, pursuant to a plea agreement, petitioner was permitted to plead guilty to the lesser included offense of forcible rape. There was no agreed upon sentence; however, the trial court agreed to a pre-sentence investigation and intimated that the sentencing

range would probably be from 25-40 years at hard labor. [Doc. 1, pp. 29-43] On January 13, 2005 petitioner was sentenced to serve 40-years at hard labor without benefit of parole. [Doc. 1, ¶ 2-3] Petitioner's motion for reconsideration of sentence was filed on February 10, 2005, and denied on March 1, 2005. [Doc. 1, pp. 15-16; Doc. 1, p. 2, ¶9]

Petitioner appealed arguing that his sentence was excessive. [Doc. 1, ¶9(g)] On October 26, 2005, his sentence was affirmed in an unpublished opinion of the Second Circuit Court of Appeals. *State of Louisiana v. Keith R. Kennedy*, 2005-40297 (La. App. 2 Cir. 10/26/2005), 913 So.2d 898 (Table).  He did not seek further direct review in either the Louisiana or United States Supreme Court. [Doc. 1, ¶9(g)]

On October 19, 2007, petitioner filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court raising claims of ineffective assistance of counsel, prosecutorial misconduct, and the denial of a "fair and impartial judge to decide the issues of fact and law in his case." [Doc. 1, pp. 22-28] On November 26, 2007, the District Court denied relief. [Doc. 1, pp. 17-18]

Petitioner applied for writs of review in the Second Circuit Court of Appeals and on July 24, 2008, the Second Circuit denied writs and mailed notice of judgment to petitioner. *State of Louisiana v. Keith R. Kennedy*, No. KH 07-43268 (La. App. 2 Cir. 1/24/2008). [Doc. 1, pp. 19-20]

Thereafter, on some unspecified date petitioner sought further review in the Louisiana Supreme Court. On December 12, 2008, the Louisiana Supreme Court denied writs without comment. *State of Louisiana ex rel. Keith R. Kennedy v. State of Louisiana*, 2008-0581 (La. 12/12/2008), 997 So.2d 555. [Doc. 1, p. 21]

Petitioner signed his federal *habeas corpus* petition on September 15, 2009 [Doc.1, p. 14]; it was mailed on September 16, 2009 [Doc. 1, pp. 51-52], and received and filed in the United States District Court for the Middle District of Louisiana on September 17, 2009. On September 21, 2009, his petition was transferred to this court. [Doc. 2]

*Law and Analysis*

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his sentence to the Second Circuit Court of Appeals. On October 26, 2005, his sentence was affirmed in an unpublished opinion of the Second Circuit Court of Appeals. *State of Louisiana v. Keith R. Kennedy*, 2005-40297 (La. App. 2 Cir. 10/26/2005), 913 So.2d 898 (Table). He did not seek further direct review in either the Louisiana or United States Supreme Court  [Doc. 1, ¶9(g)], therefore his judgment of conviction "... became final by ... expiration of the time for seeking [further direct]  review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on or about November 28, 2005.²

Thereafter, petitioner had one year, or until November 28, 2006, to file his federal *habeas corpus* suit. He cannot  rely on the statutory tolling provision of 28 U.S.C. §2244(d)(2) because a period of 683 days (1 year, 10 months, and 14 days) expired before he filed his application for post-conviction relief on October 12, 2007.  As noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v.*

---

² Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." Uniform Rules, Courts of Appeal Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." Since the Second Circuit's opinion was rendered on October 26, 2005,  it is presumed that the Court followed its own rule and mailed the opinion to appellate counsel on that same day. The 30-day period of limitations prescribed by Rule X expired on Friday, November 25. Since the following days were legal holidays, the undersigned believes that the last day for filing would have been extended to Monday, November 28, 2005, and therefore that date has been determined to be the date of finality of judgment for the purposes of this Report.

*Johnson*, 154 F.3d 196, 199 (5th Cir.1998).  Since more than one un-tolled year elapsed between the date petitioner's judgment of conviction became final and the date he filed the instant petition, his claims are time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Finally, he cannot contend that he has been diligent in the pursuit of his rights. To the contrary, petitioner allowed an additional period of over 9 months to expire between the date the Louisiana Supreme Court denied certiorari and terminated his post-conviction litigation in the State courts and the

date he filed the instant petition.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe , Louisiana, December 16, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE