RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE ___1/20/2010___
BY___

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| KEITH R. KENNEDY | CIVIL ACTION NO. 09-1664 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BURL CAIN, WARDEN | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Pending before the Court is *pro se* petitioner Keith R. Kennedy's ("Kennedy") petition for writ of *habeas corpus*.  On December 16, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation recommending that Kennedy's petition be dismissed with prejudice as time barred by the provisions of 28 U.S.C. § 2244(d).  [Doc. No. 5].  On January 4, 2010, Kennedy filed an objection to the Report and Recommendation.  [Doc. No. 6].  The Court agrees with and ADOPTS the Report and Recommendation with one exception.

On page 3 of the Report and Recommendation, the Magistrate Judge states that "[n]othing in the record before the court suggests that any State created impediments prevented the filing of the petition."  [Doc. No. 5, p. 3 n.1].  For the first time in his objection to the Report and Recommendation, Kennedy claims that some of the books in the prison library are "10 years or so behind and . . . have pages missing."  [Doc. No. 6, p. 2].

In *Egerton v. Cockrell*, the Fifth Circuit Court of Appeals held that "an inadequate prison law library may constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)."  334 F.3d 433, 439 (5th Cir. 2003).  However, in that case the defendant was "denied all access to a law library and any legal materials," even the book containing § 2244(d), "the very statute that [was] being used to render [the defendant's] petition time-barred."

*Id.* at 435, 438.  Here, Kennedy does not allege that he was denied all access to any legal materials or, specifically, to § 2244(d).  Kennedy's objection to the state of the prison law library, therefore, does not operate to toll the one-year limitations period pursuant to § 2244(d)(1)(B).

For the foregoing reasons, Kennedy's petition for writ of *habeas corpus* is DISMISSED WITH PREJUDICE as time barred by the provisions of 28 U.S.C. § 2244(d).

MONROE, LOUISIANA, this **20** day of January, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE